# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

MICHAEL JOHN CLUTE,

        Petitioner,

vs.

UNKNOWN,[1]

        Respondent.

No. C06-2031-MWB

**INITIAL REVIEW ORDER**

This matter is before the court on the petitioner's application for a writ of habeas corpus. On April 21, 2006, the Clerk of Court filed the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 3, 2006 and May 5, 2006, the Clerk of Court also filed several supplements.

The Clerk of Court only received the petitioner's 28 U.S.C. § 2254 application. The petitioner did not submit the statutory $5.00 filing fee, *see* 28 U.S.C. § 1914(a) (requiring $5.00 filing fee), or an application to proceed in forma pauperis, *see* 28 U.S.C. § 1915 (explaining proceedings in forma pauperis). Because the petitioner failed to submit either the statutory $5.00 filing fee or an application to proceed in forma pauperis, it is

---

[1] The court notes that the petitioner failed to name a respondent. 28 U.S.C. § 2243 makes clear that the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." *See also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the petitioner should have named the person having custody of him as the respondent.

appropriate to summarily dismiss the petitioner's 28 U.S.C. § 2254 application under Rule 4 of the Rules Governing Section 2254 Cases.

Apart from failing to submit the statutory $5.00 filing fee or an application to proceed in forma pauperis, the petitioner fails to adequately assert that he properly presented all of his claims to the state courts as he is required to do if he seeks habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A). Because it appears that 28 U.S.C. § 2254(b) bars the petitioner's action, it is appropriate to summarily dismiss the petitioner's 28 U.S.C. § 2254 application under Rule 4 of the Rules Governing Section 2254 Cases.

For the foregoing reasons, the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice. The Clerk of Court is directed to file the petitioner's application without the prepayment of fees for the purpose of making a record. The Clerk of Court is also directed to send the petitioner the form typically used by those individuals who are seeking habeas relief, that is, a 28 U.S.C. § 2254 form.

**IT IS SO ORDERED.**

**DATED** this 9th day of May, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

A copy of this document has been
mailed/faxed to all counsel of record, pro
se parties and others listed and not shown
as having been served electronically
under the cm/ecf system:

and 2254 forms
by: /s/ des    5/09/06

2